UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 11-22281-CIV-MARTINEZ-MCALILEY**

BLUE MOON ADVANTAGES, LTD.,

    Plaintiff,

vs.

NATIONAL SPECIALTY INSURANCE
COMPANY, a foreign corp.,

    Defendant.
_____/

## ORDER GRANTING SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant National Specialty Insurance Company's Motion for Summary Judgment (D.E. No. 13). Defendant National Specialty Insurance Company ("Defendant") issued a policy of marine hull and protection and indemnity insurance to Plaintiff Blue Moon Advantages, Ltd. ("Plaintiff") for its vessel. (D.E. No. 1-1, Compl. at 5). Plaintiff's vessel was removed or stolen from its mooring place, and Plaintiff sought coverage for its loss under the policy, which was denied. Plaintiff now seeks a declaratory judgment and damages pursuant to section 86.011 of the Florida statutes, determining that the policy provides coverage for Plaintiff's losses. Plaintiff has also alleged a breach of contract due to Defendant's failure to cover the loss under the policy. After careful consideration and for the reasons set forth below, this Court grants Defendant's motion.

### I. Relevant Factual and Procedural Background

On July 14, 2010, Defendant issued a policy of marine hull and protection and indemnity insurance, policy number TUV221141-00 for a 1954 Utility Boat, Official Number 0L5867AC

("vessel"). (D.E. No. 1-1 at 11-42). Plaintiff is the owner of this vessel. *Id.* at 11. The policy's effective date was June 1, 2010 and it expired on June 1, 2011. *Id.* The coverage under the policy is for specific named perils. *Id.* at 15.

On August 15, 2010, the vessel was anchored[1] in front of the Key Biscayne marine stadium by Dante Pezzantini ("Pezzantini"), Plaintiff's owner and general manager. (D.E. No. 14-1, Depo. of Pezzantini at 9, 36). The next day Pezzantini had a subarachnoid hemorrhage and was hospitalized for forty-four days. *Id.* at 34-35, 44. Pezzantini did not return to where he had anchored the vessel until October 27, 2010. *Id.* at 44. When Pezzantini returned to the area where he had anchored the vessel, the vessel was not there. *Id.* at 45.

On October 28, 2010, Pezzantini reported the vessel missing to the Miami Dade police. *Id.* at 49. Pezzantini also made other attempts to locate the vessel, including hiring a pilot to fly in a 300-mile radius to look for the vessel. *Id.* at 56-57. The vessel has not been found. *Id.* at 78. Pezzantini submitted a claim for his missing vessel, which he assumed was stolen. *Id.* at 79. This claim was denied. *Id.* at 92. Plaintiff then filed this action seeking payment under the policy.

## II. Legal Standard

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

---

[1] Pezzantini both anchored and spudded the vessel down. (D.E. No. 14-1, Pezzantini Depo. at 39). The spuds have to be raised or lowered with a crane on the bow of the boat. *Id.* at 40. To start the crane, a person would have to turn on the generator. *Id.* On August 15, 2010, Pezzantini also locked the room where the generator was located. *Id.* at 41. The room where the generator was located had steel walls and a steel door with a commercial grade lock on it. *Id.*

judgment as a matter of law." Fed. R. Civ. P. 56(c). By its very terms, this standard provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Anderson*, 477 U.S. at 248; *Matsushita Electric Indus. Co.*, 475 U.S. at 586. It is "material" if it might affect the outcome of the case under the governing law. *Anderson*, 477 U.S. at 248. In addition, in considering a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party. *Id.* at 255.

If the moving party bears the burden of proof at trial, the moving party must establish all essential elements of the claim or defense in order to obtain summary judgment. *See United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F.2d 1428, 1438 (11th Cir. 1991). The moving party "'must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)). "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" *Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F.3d at 1438 (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.3d 1472, 1477 (11th Cir. 1991)). *See also* Fed. R. Civ. P. 56(e).

In contrast, if the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim or affirmative defense. *Celotex*, 477 U.S. at 324. When the non-moving party bears the burden of proof, the moving party does not have to "support its motion with affidavits or other similar material *negating* the opponent's claim." *Id.* at 323 (emphasis in original). The moving party may discharge its burden in this situation by showing the Court that "there is an absence of evidence to support the nonmoving party's case." *Id.* at 324. Once the moving party discharges its initial burden, a non-moving party who bears the burden of proof must "go beyond the pleadings and by [its] own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)). A non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### III. Analysis

The policy at issue is an "all perils" policy and limits coverage to the following:

PERILS

> Touching the Adventures and Perils which the Underwriters are contented to bear and take upon themselves, they are of the Seas, Men-of-War, Fire, Lightning, Earthquake, Enemies, Pirates, Rovers, Assailing Thieves, Jettisons, Letters of Mart and Counter-Mart, Surprisals, Takings at Sea, Arrests, Restraints and Detainments of all Kings, Princes and Peoples, of what nation, condition or quality soever, Barratry of the Master and Mariners and of all other like Perils, Losses and Misfortunes that have or shall come to the Hurt, Detriment or Damage of the Vessel, or any party thereof, excepting, however, such of the foregoing perils as may be excluded by provisions elsewhere in the Policy or by endorsement

thereon.

(D.E. No. 1-1 at 15). Defendant argues that no coverage for the theft of the vessel or the mysterious disappearance of the vessel is provided for under the policy. Plaintiff argues that the term "assailing thieves" covers the theft or disappearance of the vessel or that this term is ambiguous or in the alternative that the theft or disappearance of the vessel is covered under the "all other like Perils" language in the policy. The Court finds that under the plain language of the policy there is no coverage for the theft or disappearance of the vessel and grants summary judgment in Defendant's favor.

First, while the term "assailing thieves" may be an archaic term used in maritime insurance policies, it is not ambiguous. The Fifth Circuit has stated:

> [w]e entertain no doubt that the term 'assailing thieves' is limited to personal property aboard the vessel taken by force. It is a descriptive phrase, purposefully and precisely coined by the underwriters to distinguish between the theft of personal property by stealth, such as pilferage, and that taken by force. It has nothing whatever to do with insuring against the theft of an entire vessel.

*S. Felicione & Sons Fish Co., Inc. v. Citizens Casualty Company of New York*, 430 F. 2d 136, 140 (5th Cir. 1970). In *Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.[2] Thus, to the extent Plaintiff is arguing that this Court should follow other precedent that is not binding, such as the decision in *Aqua Craft v. Boston*, 518 N.Y.S.2d 863 (1987), the Court rejects Plaintiff's argument.

---

[2] "The general rule regarding which law to apply in a marine insurance contract is that unless there is a federally established admiralty law, state law should apply." *La Reunion Francaise, S.A. v. Christy*, 122 F. Supp. 2d 1325, 1334 (M.D. Fla. 1999). Here, as discussed above, a federal court has addressed this issue. Accordingly, federal law applies.

The Court also finds that the loss at issue is not covered by the more general language providing coverage for "all other like Perils, Losses and Misfortunes that have or shall come to the Hurt, Detriment or Damage of the Vessel." (D.E. No. 1-1 at 15). The Court does not find the theft of the vessel itself to be a "like peril." The theft of the entire vessel is not the same peril as the theft of personal property aboard the vessel nor is it a similar peril to any of the enumerated perils. The theft of the entire vessel is obviously far beyond the scope of just the theft of personal property aboard the vessel. "[T]he general words 'all other like perils' cannot extend the scope of the policy to include perils beyond and entirely different from those specially enumerated." *S. Felicione & Sons Fish Co., Inc.*, 430 F.2d at 140. Accordingly, the Court finds that the policy does not provide coverage for the theft or mysterious disappearance of the entire vessel. Therefore, it is:

**ORDERED AND ADJUDGED** that

Defendant National Specialty Insurance Company's Motion for Summary Judgment (D.E. No. 13) is **GRANTED**. Final judgment shall be entered by separate order. This case is **CLOSED**, and all pending motions are **DENIED** as **MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 20 day of January, 2012.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record