UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  11-22281-CIV-MARTINEZ-MCALILEY

BLUE MOON ADVANTAGES, LTD.,

    Plaintiff,

vs.

NATIONAL SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

**<u>ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT, TO
REOPEN THE CASE AND REMAND THE MATTER TO STATE COURT</u>**

THIS CAUSE came before the Court upon Plaintiff's Motion to Set Aside Judgment, To Reopen the Case and Remand the Matter to State Court (D.E. No. 23).[1] After careful consideration[2] and for the reasons set forth below, the Court denies this motion.

**I. Relevant Factual and Procedural Background**

Defendant National Specialty Insurance Company ("Defendant") issued a policy of marine hull protection and indemnity insurance to Plaintiff Blue Moon Advantges, Ltd. ("Plaintiff") for its vessel, a 1954 Utility Boat, Official Number 0L5867AC ("vessel").  (D.E. No. 1-1 at 5, 11-42).  Plaintiff's vessel was removed or stolen from its mooring place, and Plaintiff

---

[1] Plaintiff also asked to stay determination of Defendant's Bill of Costs; however, Magistrate Judge McAliley has already entered an order staying her consideration of the bill of costs.  *See* (D.E. No. 25).

[2] Defendant filed a response to Plaintiff's motion but Plaintiff never filed a reply, and the time to file a reply has long since passed.  Accordingly, Plaintiff's motion is being considered without a reply.

sought coverage for its loss under the policy, which was denied. Plaintiff filed suit against Defendant in the Circuit Court of the Eleventh Judicial Circuit Miami-Dade County, Florida. (D.E. No. 1-1 at 3). In the Complaint, Plaintiff alleged that it "is a business entity organized and existing under the laws of the State of Delaware, having its principal place of business in Miami-Dade County, Florida." *Id*. at 3. Plaintiff also alleged that Defendant "is and was a business entity organized and existing under the laws of the State of Texas, which delivered Plaintiff's policy of insurance in the State of Florida through Davis Marine Insurance Agency, located in Miami, Florida." *Id*. at 4. Defendant removed this action to this Court without any objection from Plaintiff on the basis of diversity jurisdiction. (D.E. No. 1 at 1-2) (stating that "[t]he State Court Complaint . . . establish[es] the existence of complete diversity of the parties as it alleges that all times hereto, the Plaintiff . . . was a business entity organized and existing under the laws of the State of Delaware with its principal place of business in Miami-Dade County, Florida and that . . . [Defendant] is a business entity organized and existing under the laws of the States of Texas" and noting that the amount in controversy exceeded $75,000.00.).

In the Complaint, Plaintiff set forth two counts. In Count I, Plaintiff sought a declaratory judgment and damages pursuant to section 86.011 of the Florida statutes. *See* (D.E. No. 1-1 at 6-7). Specifically in Count I, Plaintiff alleged as follows:

> 18. National Speciality was at all material times a foreign insurer engaged in the business of underwriting marine insurance risks, and did issue a marine P&I policy through agent Davis Marine Insurance Agency, to Plaintiff Blue Moon, to insure the vessel owned by Blue Moon, Official Number 0L5867AC, effective from June 1, 2010 to June 1, 2011, providing coverage in the amount of Three Hundred, Thirty-Six Thousand Dollars ($336,000.00).
>
> 19. Said policy was in effect during the months of August 2010 through

>    October 2010.  The vessel was removed or stolen from its mooring place in Dade County, Florida.
>
> 20.   Subsequent to the loss, Plaintiff reported the vessel's loss to the Miami-Dade Police Department and to National Speciality.
>
> 21.   Thereafter, coverage for the loss was denied by National Speciality through its claims adjuster . . . .

(D.E. No. 1-1 at 4-5).  Plaintiff sought "a declaratory judgment determining that the policy provides coverage for Plaintiff's loss at trial by jury and for damages in excess of Three Hundred Thirty Six Thousand Dollars ($336,000), plus consequential damages, attorneys' fees, court costs and prejudgment interest from the date of loss, against . . . [Defendant] and for any and all other such relief as is determined just and reasonable by this Court, at trial by jury." *Id*. at 5.

In Count II, Plaintiff alleged a breach of contract due to Defendant's failure to cover the loss under the policy.  Specifically, Plaintiff stated that Defendant was obligated to compensate Plaintiff "for any hull loss to the vessel in question, including theft or mysterious disappearance." *Id*. at 6.  Plaintiff also alleged that "[a]s a result of the theft of the subject vessel, . . . [Plaintiff] suffered a loss, which under the contract of insurance, is covered and requires . . . [Defendant] to pay for such loss in the agreed amount of $336,000 plus any applicable costs." *Id*.

Defendant filed a motion for summary judgment, arguing that no coverage for the theft of the vessel or the mysterious disappearance of the vessel is provided for under the policy.  (D.E. No. 13).  Plaintiff responded, arguing that the term "assailing thieves" in the policy covers the theft or disappearance of the vessel or that this term is ambiguous or in the alternative that the theft or disappearance of the vessel is covered under the "all other like Perils" language in the policy.  (D.E. No. 16).  The Court rejected Plaintiff's arguments, finding that under the plain

language of the policy there was no coverage for the theft or disappearance of the vessel and granted summary judgment in Defendant's favor. (D.E. No. 20). A final judgment was entered in Defendant's favor on January 20, 2012. (D.E. No. 19). No Notice of Appeal was ever filed.

On March 8, 2012, Plaintiff filed its Motion to Set Aside Judgment, to Reopen the Case and Remand the Matter to State Court, citing Rule 60(b)(1), (4), and (6) of the Federal Rules of Civil Procedure. The Court now considers Plaintiffs Rule 60 motion.

## II. Analysis

Rule 60(b)(1), (4), and (6) provide that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . (4) the judgment is void; . . . [and] (6) any other reason that justifies relief." Plaintiff argues that this Court must set aside the judgment in Defendant's favor under Rule 60(b)(4) because the parties were not diverse and the judgment is void. Alternatively, Plaintiff argues that this Court must set aside the judgment in Defendant's favor under Rule 60(b)(1) because the Court failed to adjudicate the issue of whether the "sue and labor" clause of the policy allowed "the insured to recover for labor and expenses incurred in an attempt to prevent a loss for which the underwriters would be responsible" and whether there was coverage under the policy for "items stolen from the vessel." (D.E. No. 23 at 2, 11, 12, 15).[3] For the reasons set forth below, the Court finds that Plaintiff's

---

[3]Plaintiff does not specifically argue that Rule 60(b)(6) applies to either argument. The Court assumes that as Rule 60(b)(6) is the catchall Plaintiff simply threw it into its brief for good measure. For all the reasons discussed in this Order, Plaintiff's arguments are also without merit under Rule 60(b)(6). The Court also cautions Plaintiff that Rule 60(b)(6) requires Plaintiff to set forth extraordinary circumstances warranting relief. *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005). Failing to specifically discuss this portion of the rule, and more specifically failing to apply it to the facts at hand, will never meet this requirement.

arguments are without merit.

First, the Court finds that the judgment is not void and that Plaintiff has not demonstrated that the parties were not diverse. Plaintiff argues that the parties are not diverse because Defendant "is registered to do business in Delaware, the state where . . . [Plaintiff] is incorporated" and Defendant "is registered to do business in Florida, where . . . [Plaintiff] is principally located." (D.E. No. 23 at 5). Defendant's registration to do business in other states, however, does not establish that it is a citizen of either Delaware or Florida.

28 U.S.C. 1332(c)(1) provides:

> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of–
>
> (A) every State and foreign state of which the insured is a citizen;
>
> (B) every State and foreign state by which the insurer has been incorporated; and
>
> (C) the State or foreign state where the insurer has its principal place of business.

Plaintiff has not disputed that, as it originally alleged, Defendant was incorporated in Texas nor has it argued that Defendant's principal place of business is somewhere other than Texas. The fact that Defendant may be registered to do business in other states is immaterial. Accordingly, under section 1332(c)(1), Defendant is a citizen of Texas.

Plaintiff also argues that the other part of section 1332(c)(1) relating to a "direct action against the insurer of a policy of contract of liability insurance . . . to which action the insured is not joined as a party-defendant" applies to this action; however, it clearly does not. Defendant

was not sued by someone other than Plaintiff, the insured, seeking compensation under the policy, and Plaintiff, the insured, most certainly is a party to this action.  Here, Defendant, the insurer, was in fact sued by Plaintiff, the insured.  Accordingly, Plaintiff's convoluted arguments relating to this section are totally devoid of all merit.

The Court also notes that this case was filed and litigated without Plaintiff ever raising this "issue" relating to the diversity of the parties.  It was Plaintiff itself that alleged in its Complaint that the parties were diverse.  The Court finds it troubling at best that Plaintiff never discusses in its motion why it was not until almost two months after a final judgment was issued in this case that it "discovered" these "facts" relating to Defendant's diversity.  Regardless, Plaintiff's argument is without merit, and the Court denies Plaintiff's motion on this ground.

Next, the Court also finds that Plaintiff's arguments that the judgment in Defendant's favor should be set aside because the Court failed to adjudicate the issue of whether the "sue and labor" clause of the policy allowed "the insured to recover for labor and expenses incurred in an attempt to prevent a loss for which the underwriters would be responsible" and whether there was coverage under the policy for "items stolen from the vessel" are without merit.  (D.E. No. 23 at 2, 11, 12, 15).  Plaintiff did not raise these issues in its Complaint nor did Plaintiff ever raise these issues in response to Defendant's motion for summary judgment, which clearly sought entry of a final judgment on the entirety of the complaint.  *See* (D.E. No. 13).  Plaintiff also appears to be asking to amend their complaint to add these issues.  *See* (D.E. No. 23 at 12) (stating that "[t]o any extent that the complaint should need to be amended to specifically plead any facts as to the declaratory relief requested, Plaintiff requests the ability to do so.").  The Court finds that such a request made not only after the deadline for filing amended pleadings but

after the case is closed and judgment has been entered borders on the frivolous. Accordingly, the Court also denies Plaintiff's motion on this ground. It is hereby:

**ORDERED AND ADJUDGED** that

Plaintiff's Motion to Set Aside Judgment, To Reopen the Case and Remand the Matter to State Court (D.E. No. 23) is **DENIED**. Pursuant to Magistrate Judge McAliley's Order Staying Bill of Costs (D.E. No. 25), Defendant may file a Renewed Bill of Costs within ten days of the entry of this Order.[4]

DONE AND ORDERED in Chambers at Miami, Florida, this 31 day of August, 2012.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record

---

[4] Defendant should feel free to include any recoverable costs incurred in the litigation of Plaintiff's Rule 60 motion in its renewed motion for costs.